**Moe Lin YAKUB, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73767.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Keith Bernstein, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Moe Lin Yakub, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Nagoulko v. INS,*

** This disposition is not appropriate for publication and is not precedent except as provid-

333 F.3d 1012, 1015 (9th Cir.2003), we deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that Yakub failed to establish past persecution. *See id.* at 1016–17 (concluding that petitioner did not suffer past persecution, although she was pushed, teased, bothered, discriminated against and harassed, because she never suffered any significant physical violence). Substantial evidence also supports the IJ's conclusion that Yakub failed to establish she has a well-founded fear of future persecution because, although she is a member of a disfavored group, she failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Further, the record does not compel the conclusion that the ethnic and religious strife in Indonesia during the time period at issue amounts to a pattern or practice of persecution against ethnic Chinese Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc). Accordingly, Yakub failed to establish eligibility for asylum.

■ Because Yakub failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

■ Substantial evidence supports the denial of CAT relief because Yakub did not show it is more likely than not that she will be tortured if she returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

Lastly, we conclude that the IJ adequately considered the record evidence.

ed by 9th Cir. R. 36–3.

*See Don v. Gonzales,* 476 F.3d 738, 744 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.